**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

**SUSAN RAMSEY, PERSONAL REPRESENTATIVE
OF THE ESTATE OF MARY HELEN DENNIS,
DECEASED, AND ON BEHLAF OF THE WRONGFUL
DEATH BENEFICIARIES OF THE ESTATE OF
MARY HELEN DENNIS, DECEASED**                                                    **PLAINTIFF**

**VS.                         NO. 4:21-CV-147-DPM**

**SCBP LAKEWOOD ASSOCIATES, LLC;
BROOKSIDE PROPERTIES, INC.; and
SYNERGY PAVEMENT GROUP, INC., d/b/a
ASPHALT MAINTENANCE SYSTEMS, INC.**                            **DEFENDANTS**

## MOTION FOR DEFAULT JUDGMENT

1. Defendant, Synergy Pavement Group, Inc., d/b/a Asphalt Maintenance Systems, Inc. (herein "Synergy"), has been served in this case with summons, pursuant to the Federal Rules of Civil Procedure, as reflected by the Affidavit of Service filed herein.

2. Defendant has not filed a timely answer.

3. Movant is entitled to a default judgment under the provisions of Rule 55 of the Federal Rules of Civil Procedure.

4. Plaintiff attempted to reach Defendant several times since service occurred.

5. Defendant contacted Plaintiff several times since the initial service but never responded to the action.

6. Attached hereto are the following exhibits:

Exhibit A: Notice of Non-Party Liability (Doc. 23-2 p. 7);

Exhibit B:  Second Amendment to Complaint (Doc. 34);

Exhibit C: Summons Issued to Synergy Pavement;

Exhibit D: Affidavit of Service of Synergy Pavement (Doc. 36);

Exhibit E: Affidavit of Service of Nick Yoss (Doc. 45);

Exhibit F: Affidavit of Service of George P. Hampilos (Doc. 46);

Exhibit G: Affidavit of Service of Vanessa Yoss (Doc. 47);

Exhibit H: Letter and Green Cards for service upon Synergy;

Exhibit I:  Letter indicating Plaintiff spoke to Synergy;

Exhibit J: Email from Defendant confirming identity of Synergy;

Exhibit K: Letter and Green Cards for service upon Vanessa Yoss;

Exhibit L: Voicemail from Vanessa Yoss;

Exhibit M: David Hodges letter to Vanessa Yoss;

Exhibit N: Letter and Green Cards for service upon Nick Yoss;

Exhibit O: Letter and Green Cards for service upon George Hampilos;

Exhibit P: Email from Vanessa Yoss; and

Exhibit Q: Email from Vanessa Yoss.

7. Despite the several services made on Synergy and the multiple contacts with Synergy, Defendant chose not to file an answer.

8. Plaintiff is entitled to a default judgment against Defendant Synergy for its failure to respond in this action.

9. Plaintiff asks for a hearing on this Motion for Default Judgment.

10. Plaintiff has incorporated a memorandum in support herein.

**MEMORANDUM BRIEF IN SUPPORT OF**
**MOTION FOR DEFAULT JUDGMENT**

Rule 55 of the Federal Rules of Civil Procedure provide that when a party against whom a judgment for affirmative relief is sought has failed to appear or otherwise defend as provided by these rules, judgment by default may be entered by the court. Fed. R. Civ. P. 55. Defendant has been given notice of this action on several occasion.

Defendant has failed to appear or otherwise defend as provided by the Federal Rules of Civil Procedure and, therefore, movant is entitled to a default judgment against the Defendant. Fed. R. Civ. P. 55.

When reviewing the actions resulting in a motion for default, we focus heavily on the blameworthiness of the defaulting party. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). One concern is whether the actions of the defaulting party in disregard of a deadline constituted willfulness. *Id.* The Eighth Circuit has rarely, if ever, excused contumacious or intentional delay or disregard for deadlines and procedural rules. See *Hall v. T.J. Cinnamon's, Inc.*, 121 F.3d 434 (8th Cir.1997); I*nman v. American Home Furniture Placement, Inc.*, 120 F.3d 117 (8th Cir.1997); *McMillian/McMillian, Inc. v. Monticello Ins. Co.*, 116 F.3d 319 (8th Cir.1997); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852 (8th Cir.1996). The actions of the Defendant in this case have risen to the level of willful, contumacious, and disregarding of the procedural rules. Plaintiff is entitled to a default judgment

against Defendant, and Defendant does not have any meritorious defenses. Defendant received service of the documents four times and refused to respond in this action, refused to acknowledge receipt of the documents despite signing for deliveries of the documents, and did not file any answer to raise any potential defenses in the case. Plaintiff is entitled to a default judgment against Synergy.

WHEREFORE, Plaintiff respectfully requests that this Court grant her Motion for Default Judgment against Synergy Pavement Group, Inc., and for any and all other just and proper relief to which she may be entitled.

**SUSAN RAMSEY, PERSONAL REPRESENATIVE OF THE ESTATE OF MARY HELEN DENNIS, AND ON BEHALF OF THE WRONGFUL DEATH BENEFICIARIES OF THE ESTATE OF MARY HELEN DENNIS, DECEASED, PLAINTIFF**

By: David A. Hodges_____
**DAVID A. HODGES**
**Attorney at Law**
**212 Center Street, Fifth Floor**
**Little Rock, AR 72201-2429**
**Arkansas Bar No. 65021**
**Telephone: 501-374-2400**
**E-Mail: david@hodgeslaw.com**

**And**

**GARY GREEN**
**1001 La Harpe Blvd.**

**Little Rock, AR  72201**
**Tel:  501-224-7400**
**Email: ggreen@ggreen.com**
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that he has served a copy of the foregoing pleading upon attorney for Defendant by sending this pleading to the following attorney of record on December 15, 2022.

By e-mail:

James D. Robertson
Barber Law Firm
425 West Capitol Avenue, Suite 3400
Little Rock, AR 72201

By Mail:

Nick Yoss, President
Synergy Pavement Group, Inc.
238 Charles Street
South Beloi, IL 61080

　　　　　　　　　　　　　　　　　 David A. Hodges
　　　　　　　　　　　　　　　　**DAVID A. HODGES**